# EXHIBIT 5

**PROPOSED DOCUMENT REQUESTS TO TOBIAS READ AND MICHAEL LANGDON**

**INSTRUCTIONS**

1. These instructions and requests contain defined terms, which are listed in the Definitions section. You are to use these definitions when complying with this subpoena. Undefined words have their ordinary meaning.

2. Each request for documents seeks production of all documents described herein, from within the Relevant Time Period, and any attachments thereto, in Your possession. custody, or control or in the possession, custody or control of any of Your attorneys, employees, agents, or representatives, and all documents and any attachments which You or any of Your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under Your or their control.

3. Each request for documents seeks production of all documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

4. Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

5. Each request shall be construed independently and not with reference to any other request for documents or communications.

6. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests or portions of requests to which You object.

7. If there are no documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive documents.

## DEFINITIONS

1. "Documents" means any writing or electronic information – whether printed or recorded, and produced by any manual or electronic process, including, but not limited to, letters, reports, other written communications, correspondence, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, travel records or itineraries, work papers, minutes of meetings or conferences, financial statements, summaries of negotiations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions or copies of any of the foregoing if the copy is in any way different.

2. The "Fund" means Novalpina Capital Partners I SCSp, now named NOAL SCSp.

3. "Master Luxco" means Novalpina Capital Partners I Luxco S.a.r.l, now named NOAL Luxco S.a.r.l.

4. "Relevant Time Period" means the period from December 2020 until present.

5. "You" or "Your" means [Tobias Read] [Michael Langdon].

## DOCUMENTS TO BE PRODUCED

1. All Documents relating to:

    a. The dispute between the founders of Novalpina (Stephen Peel, Bastian Lueken, Stefan Kowski)

    b. The removal and/or replacement of Novalpina Capital Partners I GP S.a.r.l.;

    c. The appointment of BRG NOAL GP S.a.r.l. as the general partner of the Fund.

    d. The Removal Entitlement, as defined in the Limited Partnership Agreements for the Fund;

  e. The Sponsor Commitment, as defined in the Limited Partnership Agreements for the Fund;

  f. The valuation of the Fund and its portfolio companies for the purpose of paying the Removal Entitlement and Sponsor Commitment;

  g. The value of NSO Group; and

  h. Any payments or contemplated payments from the Fund or an affiliated entity to or for the benefit of Novalpina Capital Partners GP S.a.r.l., Novalpina Capital Partners I Group GP S.à.r.l., Novalpina Capital Partners I FP SCSp, Stephen Peel, and/or the Clarendon Trust.

2. All Documents relating to the Articles of Association of Master Luxco from July 8, 2021 to September 22, 2022.

3. All Documents relating to the relationship between any of Michael Langdon, Finbarr O'Connor and Simon Cottle.

4. All Documents relating to the change in control provisions of the credit facilities extended to the Fund and the Fund's affiliates, including without limitation communications with financial institutions and other lenders.

5. All Documents relating to the bidding process to sell an interest in Laboratoire X.O. and the decision to sell Laboratoire XO to Stanley Capital Partners.

6. All Documents relating to any payments, assets, or things of value offered, promised or given to Michael Langdon, Allen Foley, Gaëtan Dumont, Philip Zarb Mizzi, Avonova S.a.r.l, The Square Finance S.a.r.l or Alter Domus Alternative Asset Fund Administration S.a.r.l., Finbarr O'Connor, Gavin Farrell, Jeffrey Dunn, BRG NOAL GP S.a.r.l. and/or and BRG Asset Management LLC in connection with:

a. the proposal to appoint an entity controlled by Stephen Peel as replacement general partner of the Fund;

b. the introduction of and provision of services by BRG Asset Management LLC to the Fund;

c. the appointment of and provision of services by BRG NOAL GP S.a.r.l as general partner of the Fund;

d. the introduction of Stanley Capital Partners to the Fund; and

e. any other work or service performed in connection with the Fund or the Fund's direct and indirect subsidiaries.