**Thomas C. Sand**, OSB No. 773322
tom.sand@millernash.com
**Ian M. Christy**, OSB No. 160116
ian.christy@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

    Attorneys for Intervenors-Respondents
    Tobias Read and Michael Langdon

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **In re**<br><br>**PETITION OF NOVALPINA CAPITAL PARTNERS I GP S.A.R.L. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 3:23-mc-00082-IM<br><br>TOBIAS READ AND MICHAEL LANGDON'S MOTION TO INTERVENE<br><br>**ORAL ARGUMENT REQUESTED** |

**LR 7-1(a) CERTIFICATION**

Counsel for Tobias Read and Michael Langdon conferred in good faith with counsel for Petitioner but were unable to resolve the issues addressed in this motion. Counsel for Petitioner does not oppose intervention by Read and Langdon but objects to the extent that Petitioner

Page 1 -   TOBIAS READ AND MICHAEL LANGDON'S MOTION TO INTERVENE

4855-2909-1676.5

reserves the right to address the substance of the subpoenas' requests in a separate motion to quash should the court grant the Petition. Read and Langdon believe it is premature to address the substance of the requests until the court rules on the threshold question of whether to authorize the issuance of subpoenas. Counsel for Treo Asset Management LLC and Treo NOAL GP (collectively, "Treo") consent to this motion.

## MOTION

Intervenors-Respondents Tobias Read and Michael Langdon ("Respondents"), by and through their attorneys, submit this motion to intervene in this proceeding to respond to the Petition in light of Treo Asset Management LLC and Treo NOAL GP's (collectively "Treo") similar motion, ECF 15. Respondents adopt and incorporate by reference the facts and arguments set forth in Treo's motion.

The Petition seeks extensive discovery and deposition testimony from Respondents for use in foreign proceedings involving, among other parties, Respondent Langdon, the Director of Private Markets of the Oregon State Treasury Investment Division, and the Oregon Public Employees Retirement Fund (OPERF). Respondents have an interest in this proceeding as the subjects of the Petition and in light of Respondent Langdon's role in the foreign proceedings. Accordingly, Respondents are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). In the alternative, Respondents respectfully request that this court allow Respondents to intervene permissively under Federal Rule of Civil Procedure 24(b).

Equitable and practical considerations favor allowing Respondents to have the fullest opportunity possible to oppose the issuance of subpoenas that would name them. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). That is particularly true in light of Treo's motion

to intervene. If the Court grants Treo's motion to intervene and oppose the Petition, the Court should also hear from Respondents.

Respondents believe that OPERF, as a limited partner in the Fund, and Michael Langdon should never have been named as defendants in any of the Luxembourg actions.[1] From that vantage point, Respondents agree with Treo that Petitioner is using Section 1782 to unfairly seek discovery that Luxembourg law would not allow. As Treo notes in its motion, party discovery in Luxembourgish courts is significantly more circumscribed than it is in the United States. Accordingly, Petitioner seeks one-sided discovery under Section 1782 to gain an unfair advantage in the Luxembourg cases.

Respondents are not seeking to prevent legitimate, even-handed discovery or obstruct orderly legal proceedings. Rather, Respondents are seeking to ensure that *all* parties are subject to the same discovery procedures as long as cases are pending in the Luxembourg courts. Accordingly, and without waiving any arguments that Respondents might raise on a motion to quash if subpoenas do issue, Respondents move to intervene on the same grounds articulated in Treo's motion.

/ / /

/ / /

/ / /

---

[1] While it is true, as Treo states, that the operating agreement that directs all litigation to the Luxembourg courts was "signed by each of the Fund's investors, including OPERF," ECF 15 at 4, OPERF and Novalpina Capital Partners I GP S.à.r.l. executed a Side Agreement agreeing that OPERF would be "subject so suit only in the courts of Oregon." Respondents do not waive any arguments that they are not subject to the jurisdiction of the Luxembourg courts as a result of the Side Agreement.

**CONCLUSION**

For the foregoing reasons and those stated in Treo's motion, Respondents respectfully request an order permitting Respondents to intervene in these proceedings and setting a briefing schedule on Petitioner's pending application.

DATED this 18th day of April, 2023.

MILLER NASH LLP

*s/ Ian M. Christy*
Thomas C. Sand, OSB No. 773322
tom.sand@millernash.com
Ian M. Christy, OSB No. 160116
ian.christy@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Intervenors-Respondents
Tobias Read and Michael Langdon