IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IN RE PETITION OF NOVALPINA CAPITAL PARTNERS I GP S.À.R.L. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 3:23-mc-00082-IM<br><br>**ORDER GRANTING PETITIONER'S APPLICATION TO ISSUE SUBPOENAS AND GATHER DOCUMENTARY AND TESTIMONIAL EVIDENCE** |

**IMMERGUT, District Judge.**

Before this Court is a petition for an order of judicial assistance pursuant to 28 U.S.C. § 1782 filed by NOVALPINA CAPITAL PARTNERS I GP S.À.R.L. ("Novalpina GP" or "Petitioner"). ECF 1 at 1. For the reasons discussed below, the petition is GRANTED.

BACKGROUND

This Petition concerns NOAL SCSp, originally known as Novalpina Capital Partners I SCSp (the "Fund"), a private equity fund once governed by Petitioner. ECF 2 at 1. At all relevant times, Michael Langdon ("Langdon"), Director of Private Markets in the Oregon State Treasury Investment Division, was the Chairman of the Limited Partner Advisory Committee ("LPAC") for the Fund. ECF 6 at ¶¶ 4–5. In their memorandum of law in support of their petition, Petitioner alleges that Langdon, as Chairman of the LPAC, acted to remove Petitioner from the

PAGE 1 – ORDER

Fund in violation of certain contractual agreements. ECF 2 at 1–2, 12, 13. Specifically, Petitioner alleges that Langdon helped establish Luxembourgish entity and asset management company BRG NOAL GP S.à.r.l. ("NOAL GP") as a General Partner of the Fund in violation of certain provisions of the Fund's Limited Partnership Agreement ("LPA"). ECF 6 at ¶¶ 6, 38–44.

Petitioner is currently engaged in foreign civil proceedings in the Commercial Chambers of the Luxembourg District Court. ECF 2 at 14. In those proceedings, NOAL GP is alleging that Petitioner has fraudulently interfered with NOAL GP's control of the Fund. ECF 6 at ¶ 47. Petitioner is also contemplating bringing a civil proceeding against NOAL GP for fraud.

On January 27, 2023, Petitioner filed a petition for an order of judicial assistance, pursuant to 28 U.S.C. § 1782. ECF 1. The petition was initially filed *ex parte*. *Id.* The petition requests an order from this Court appointing Tara J. Plochocki, Esq. ("Plochocki") as a Commissioner of the Court to facilitate subpoenas for the gathering of documentary evidence from Langdon as well as Tobias Read ("Read"), State Treasurer of the State of Oregon. *Id.* at 1; ECF 2 at 1. The petition also requests assistance in gathering testimonial evidence form Langdon in the form of a deposition. ECF 1 at 1; ECF 2 at 23.

On April 11, 2023, NOAL GP filed a motion to intervene. ECF 15. On April 14, 2023, Langdon and Read also filed a motion to intervene. ECF 20. Petitioner opposed both motions. ECF 21; ECF 22. This Court held a telephonic status conference concerning the motions on May 3, 2023. ECF 24. Following that conference, this Court granted both motions to intervene and received briefing opposing Novalpina GP's initial 1782 petition from NOAL GP and Langdon and Read. ECF 26; ECF 28.

## LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782(a). Section 1782 permits district courts to authorize discovery where the following requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted). A litigant in a foreign action is an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). Additionally, a court may permit discovery under § 1782 even if a formal proceeding in the foreign jurisdiction is neither pending nor imminent, so long as a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *See id.* at 259.

If a petitioner meets the three statutory requirements under § 1782, a district court may nonetheless exercise discretion in determining whether to grant or deny a petition. *See id.* at 260–61. In determining whether to provide judicial assistance, a district court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

PAGE 3 – ORDER

## DISCUSSION

Having considered Petitioner's initial section 1782 petition, ECF 1, NOAL GP and Langdon and Read's responses in opposition to the petition, ECF 28; ECF 28, as well as Petitioner's subsequent reply, ECF 30, this Court GRANTS Petitioner's section 1782 petition for the reasons set forth below.

**A.  Petitioner Has Satisfied the Statutory Requirements of 28 U.S.C. § 1782**

Petitioner has met the minimum statutory requirements under 28 U.S.C. § 1782. Petitioner has established that the persons from whom discovery is sought reside in the District of Oregon. ECF 5. Petitioner has likewise established that the material is sought "for use" in defending pending litigation and in contemplated counter-litigation. ECF 6 at ¶¶ 45–47, 48–51; *see also Intel*, 542 U.S. at 257.[1] Finally, Petitioner has established that it is an "interested person," as it is currently a party to the foreign litigation and a would-be plaintiff in future contemplated litigation. ECF 6 at ¶¶ 45–47, 48–51.

**B.  The Discretionary Factors Weigh in Favor of Assistance**

Courts must next consider the four discretionary *Intel* factors in weighing whether to grant the application. This Court finds that these discretionary considerations weigh in favor of granting the application.

The first discretionary factor "favors applications for discovery against parties that will not participate in the foreign proceeding." *In re Will Co. Ltd.*, No. 21-mc-80211-JCS, 2021 WL

---

[1] NOAL GP argues that the information sought is not relevant to the underlying proceeding. ECF 28 at 7. This Court disagrees. Petitioners seek information relevant to a defense that it seeks to raise in the underlying litigation—namely that it was NOAL GP, rather than Petitioner, which engaged in fraud. ECF 2 at 14–15 (describing the petition as seeking "documents and communications establishing [a] conspiracy to enter into [fraudulent] agreements . . . .").

PAGE 4 – ORDER

5322653, at *2 (N.D. Cal. Nov. 16, 2021) (citation omitted). Petitioner states that Read is not a party to the current litigation and is not contemplated as a defendant in any future counter-litigation. ECF 2 at 22. Langdon is not a party to the current litigation but is a likely defendant in the contemplated counter-litigation. *Id.* Petitioner argues that this does not weigh in favor of denying the petition, because courts have noted that "[a]lthough the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceedings." *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) (citations omitted).

      This Court finds that the information requested from Langdon and Read is not currently obtainable through the underlying foreign proceeding. Langdon and Read are not parties to the proceeding for which discovery is sought, so the information cannot be obtained directly through that proceeding. And while Langdon and Read are parties to a separate Luxembourgish proceeding, they have not shown that the requested information could be obtained through that unrelated proceeding, either. ECF 28 at 8; *cf. MetaLab Design Ltd. V. Zozi Int'l, Inc.*, No. 17-mc-80153-MEJ, 2018 WL 368766, at *3 (N.D. Cal. Jan. 11, 2018) (finding that the first *Intel* factor weighed against granting a section 1782 petition where the information could be obtained through a different party to the same underlying proceeding). This Court therefore finds that the first factor weighs in favor of granting the petition. *See Lufthansa Technik v. Panasonic Avionics Corp.*, No. C17-1453-JCC, 2017 WL 6311356, at *2 (W.D. Wash. Dec. 11, 2017) (finding that the first *Intel* factor weighed in favor of granting the petition where, although the subject of discovery was a party to a pending proceeding, the foreign court's jurisdictional limit effectively rendered the party out of reach of the petitioners).

PAGE 5 – ORDER

The second discretionary factor "focuses on whether the foreign tribunal is willing to consider the information sought." *In re Will Co. Ltd.*, 2021 WL 5322653, at *3 (citation omitted). "Where there is no evidence suggesting that foreign courts would be unreceptive to the requested discovery, the second discretionary factor weighs in favor of the application." *Id.* (citation omitted). This Court finds that there is no evidence that Luxembourg would be unreceptive to the requested discovery. Luxembourg is a member of the Hague Evidence Convention, which courts in this district have held constitutes evidence of receptivity. *See In re Letter of Request from Loc. Ct. in Kusel, Ger.*, No. 1:22-cv-01009-CL, 2022 WL 5142753, at *4 (D. Or. Oct. 5, 2022); *see also* ECF 2 at 24 n.1. Absent any evidence suggesting that Luxembourg would not be receptive to this evidence, this Court finds that the second factor weighs in favor of granting the petition.

The third factor asks whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. There is no requirement, however, that the material sought "be discoverable under the law governing the foreign proceeding." *Id.* at 247. Here, Petitioner asserts that assistance under § 1782 is required because Luxembourg's discovery procedures only allow for discovery of material that "can be described with specificity," while the United States' discovery rules are broader. ECF 6 at ¶ 53; *see* ECF 2 at 25. Petitioner, in other words, argues that their request "is indicative of only a technical limitation in how requests may be made, not what can be disclosed." ECF 2 at 25. "The fact that more evidence may be obtained via a § 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19,

PAGE 6 – ORDER

2020). Moreover, this Court notes that other courts have granted § 1782 requests involving litigation in Luxembourg courts. *See In Re Ex Parte Application of Nouvel, LLC*, No. 22-MC-0004-MCS(Ex), 2022 WL 3012521, at *4–5 (C.D. Cal. June 8, 2022) (ordering disclosure in support of action in Luxembourg). As such, this Court is persuaded that Petitioner is not attempting to circumvent Luxembourg proof-gathering restrictions or policies by seeking information pursuant to § 1782.[2]

Finally, the fourth factor asks whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. In assessing this factor, courts as whether the requests are "not narrowly tailored" or "appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (citation omitted). The proper scope of requests pursuant to § 1782 is guided by the Federal Rules of Civil Procedure, which state that a party "may obtain discovery that is relevant to any parties claim or defense." *In re Will Co. Ltd.*, 2021 WL 5322653, at *3 (citing Fed. R. Civ. P. 26(b)(1)).

As part of its Petition, Petitioner has submitted a draft of the document requests to be directed to Read and Langdon. ECF 5, Ex. 5. These requests ask for documents from a limited time period (December 2020 through to present) related to Novalpina GP's defense against

---

[2] NOAL GP argues that Petitioner's petition should be denied because the Limited Partnership Agreement ("LPA") designated Luxembourg as the "exclusive jurisdiction" for litigation arising from the LPA and designated Luxembourg law as controlling. ECF 28 at 12. While the LPA would preclude Petitioner from initiating *litigation* in this District, NOAL GP does not explain why the LPA would preclude a section 1782 petition, which facilitates *discovery*. As noted above, Langdon and Read are not parties to the proceeding for which this discovery is sought. This Court accordingly does not view the petition as an attempt to circumvent the LPA's forum selection clause, but rather an attempt to obtain information from foreign individuals who reside in this District, as directly contemplated by section 1782. *See* 28 U.S.C. § 1782.

NOAL GP's lawsuit and actions taken by individuals to avoid contractual requirements set forth in the LPA. *Id.* This Court finds that these requests are relevant, under Federal Rule of Civil Procedure 26(b)(1), to Petitioner's defense against the NOAL GP lawsuit. Further, Petitioner asserts that these documents are all likely available electronically, ECF 2 at 26, which reduces the burden of production on the entities or individuals under whose control these documents currently reside. This Court likewise finds that any deposition of Langdon is likely to be similarly relevant to Petitioner's defense against the NOAL GP lawsuit and similarly limited in scope. As such, this Court finds that the requested discovery is not "unduly intrusive or burdensome," and the fourth discretionary factor weighs in favor of granting the petition.

**C. Request to Appoint Plochocki as a Commissioner of the Court**

Petitioner's Petition asks this Court to appoint Plochocki as a Commissioner of the Court to facilitate the issuance of subpoenas and gathering of documentary and testimonial evidence from Read and Langdon. ECF 1. Plochocki is a partner in the law firm Lewis Baach Kaufmann Middlemiss pllc, which serves as the firm representing Petitioners. ECF 5 at ¶ 1.

Courts typically handle *ex parte* discovery requests under § 1782 as "an *ex parte* application for an order appointing a commissioner to collect the information." *In re Sungrove Co., Ltd*, No. 22-mc-80225-JSC, 2022 WL 4468275, at *1 (N.D. Cal. Sept. 26, 2022) (citations omitted). This Court finds it appropriate, in this matter, to appoint Plochocki as Commissioner and authorizes her to obtain the requested information from Read and Langdon.

///

///

///

///

///

PAGE 8 – ORDER

## CONCLUSION

For the foregoing reasons, this Court GRANTS Petitioner's petition for an order of judicial assistance pursuant to 28 U.S.C. § 1782. This Court HEREBY APPOINTS Tara J. Plochocki as Commissioner and authorizes her to obtain the requested information from Read and Langdon. This Court notes that any party with standing may move to quash any subpoenas that may issue from this Order. *See In re Letter of Request from Loc. Ct. in Kusel, Germany*, No. 1:22-CV-01009-CL, 2022 WL 5142753, at *1 n.1 (D. Or. Oct. 5, 2022).

**IT IS SO ORDERED.**

DATED this 10th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge