UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **In re** | Case No. 3:23-mc-00082-IM |
| **PETITION OF NOVALPINA CAPITAL PARTNERS I GP S.A.R.L. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | **STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Fed. R. Civ. P. 26(c).

Page 1 -   STIPULATED PROTECTIVE ORDER

To reconcile the litigation needs of the Petitioner in this matter with the confidentiality of certain information responsive to the Subpoenas directed to Respondents in this action, the parties, by and through their undersigned counsel of record, agreed to abide by the terms of this stipulated protective order.

The Petition concerns the investment of money by the Oregon Public Employees Retirement Fund ("OPERF") in a private equity fund. Petitioner's Subpoenas seek documents that include non-public trade secrets, valuable research, development, commercial, financial, technical, and/or proprietary information of OPERF and third parties for which special protection from public disclosure is warranted to avoid competitive and other harms and/or because disclosure implicates certain confidentiality obligations of OPERF.[1] Specifically, as set out in Section 1.2 below, Respondent expects to produce documents and information comprising or containing proprietary investment strategies; confidential customer information; financial statements of an investment fund, an asset ownership or their respective investment vehicles; due diligence materials that are proprietary to the relevant investment fund or funds, to an asset ownership, or to their respective investment vehicles, prospective investments, or related services; investment agreements and related documents, including drafts; proprietary financial analyses regarding prospective and actual investments and other related services; meeting materials of or regarding an investment fund, its prospective or actual investments, and other related services; and related confidential communications.

Under Fed. R. Civ. P. 26(c) and Local Rule 26-4, the parties stipulate to the following, subject to this court's approval:

---

[1] The parties have specifically excluded from the protective order information that must be disclosed under the Oregon Public Records Law or other applicable confidentiality laws. Accordingly, the public's interest will not be significantly circumscribed if the Court enters this Protective Order.

1. DEFINITIONS

    1.1    "Document" means written, recorded or graphic matter, however created and in any medium, including email and other electronic material. It includes transcripts of testimony from depositions or otherwise.

    1.2    "Confidential records" are documents designated by law as confidential, including but not limited to records containing information that reflects proprietary investment strategy of the providing parties or third parties, or customer confidential information, that may be contained in investment records; financial statements of an investment fund, an asset ownership or their respective investment vehicles; due diligence materials that are proprietary to the relevant investment fund or funds, to an asset ownership, or to their respective investment vehicles, prospective investments, or related services; investment agreements and related documents, including drafts; proprietary financial analyses regarding prospective and actual investments and other related services; meeting materials of or regarding an investment fund, its prospective or actual investments, and other related services; and related confidential communications.

    1.3    "Confidential information" is information that qualifies as exempt from disclosure under the Oregon Public Records Law (including but not limited to O.R.S. 192.501 *et seq.*) or other applicable confidentiality laws.

    1.4    "Protected Material" means confidential information and confidential records designated as "Confidential" under the terms of this Order.

2. DESIGNATING PROTECTED MATERIAL

    2.1    A party producing a document shall designate all or part of it as "Confidential" if the party after reasonable, good faith consideration concludes the document is a confidential record or contains confidential information. If the entire document is designated every page shall be stamped or marked "Confidential." If only a portion of a document is designated the

designation shall clearly distinguish the confidential and non-confidential portions of the document.

    2.2    Each party that designates information or items for protection under this Order shall limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations. A party may not indiscriminately designate entire deposition transcripts as Protected Material beyond the time set forth in Paragraph 2.2(b). If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing or changing the mistaken designation.

    Designation in conformity with this Order requires:

    (a)    <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the producing party affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

    (b)    <u>for testimony given in deposition</u>, that a party, or a non-party that sponsors, offers, gives, or elicits testimony, designates any portion of the testimony as "CONFIDENTIAL," whether on the record before the deposition is concluded, or in writing within thirty days after the final transcript is received. The entire testimony shall be deemed to have been designated Protected Material until the time within which the transcript may be designated has elapsed. Only those selected portions of the testimony that are designated for protection shall be covered by the provisions of the Stipulated Protective Order. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed

by the party or nonparty sponsoring, offering, giving or eliciting the witness testimony.

(c) <u>for information produced in electronic or video format, and for any other tangible items</u>, that the producing party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

2.3  Failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

3.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

3.1  Each party reserves the right to dispute the confidential designation made by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Use or disclosure of Protected Material shall be restricted solely to the following persons, who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a) Outside counsel of record in this action and in-house counsel for the parties, and the administrative staff for each counsel;

(b) The Parties, and every employee, director, officer, manager, direct or indirect shareholder, associate or affiliate, representative, agent of any party to this action (each an "Interested Party"), as well as attorneys of the Parties and Interested Parties in litigation relating to the events described in the Petition.

(c) Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or any Interested Party or its attorneys for purposes of this proceeding or litigation relating to the events described in the Petition.

(d) Courts and their personnel, including, but not limited to, stenographic reporters regularly employed by the courts and stenographic reporters not regularly employed by the courts who are engaged by the court or the parties or any Interested Party in connection with this proceeding or litigation relating to the events described in the Petition.

(e) Any court reporter or videographer reporting a deposition in connection with this proceeding or litigation relating to the events described in this Petition.

(f) Authors, addressees, or recipients of a document, persons named or described in a document, or any other natural persons who would have likely reviewed such document during his or her employment as a result of the substantive nature of his

or her employment position, or whose conduct is purported to be specifically identified in the document.

      (g)    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties or an Interested Party in connection with this proceeding or litigation relating to events described in this Petition.

      (h)    Witnesses in the action to whom disclosure is reasonably necessary for litigation relating to the events described this Petition and who have read this Order and agreed in writing to be bound by its terms.

    4.2    Information or documents designated confidential shall be used solely for purposes of litigation relating to the events described in the Petition and not for any other purpose, with two exceptions: (1) information or documents may be used if the person who is the subject of such confidential material authorizes its use for any purpose; or (2) for disclosures otherwise required by law.

    4.3    Protected Material may be used in litigation.  Any person or entity who falls within the scope of Section 4.1 above, and who intends to use Protected Material in litigation accessible to the public in that jurisdiction, will provide notice to the providing party of the intent to use the Protected Materials.  If a providing party wishes to prevent the use of Protected Material in public, it may apply to the court presiding over the litigation for an order prescribing any restrictions on public disclosure in those proceedings.  For lack of doubt, all Protected Material may be used in litigation.

    4.4    The parties agree to proceed consistent with the Court's instructions with respect to public use of Protected Material.  If the Court does not order that the Protected Material remain confidential, the information will lose the confidential status accorded by the producing party's designation under this Agreement.

4.5     Unless otherwise prohibited by law, and except in the case of a recipient of a grand jury subpoena, as provided by ORS 132.060, 132.090, or Fed. R. Crim. P. 6(e), if a party receives a lawful request (*e.g.*, public records request, subpoena, request for production) for information from a document or testimony that another party has marked "Confidential" pursuant to this order, the party receiving the request shall notify the providing party of its determination at least 10 days before disclosure of the information, in order to allow the providing party the opportunity to seek a protective order from the Court.

5.      MISCELLANEOUS

5.1     This Order is subject to the terms of the Oregon Public Records Law, O.R.S. chapter 192.

5.2     Nothing in this Order prevents any party from moving the Court to modify a confidential designation (or lack thereof) on any document or testimony or from seeking modification of this Order. This Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

5.3     The restrictions on disclosure and use of confidential information shall survive the conclusion of this proceeding, and the Court shall retain jurisdiction to enforce or modify this order.

5.4     A large volume of documents may be exchanged through discovery in this proceeding, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it

before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the Court under seal for a determination of the claim.

**IT IS SO STIPULATED:**

DATED: February 7, 2024.

| MILLER NASH LLP | LEWIS BAACH KAUFMANN MIDDLEMISS PLLC |
|---|---|
| */s/ Ian M. Christy* <br> Thomas C. Sand, OSB No. 773322 <br> tom.sand@millernash.com <br> Ian M. Christy, OSB No. 160116 <br> ian.christy@millernash.com <br> 111 SW 5th Ave. Ste 3400 <br> Portland OR 97204 <br> Telephone: 503.224.5858 <br><br> *Counsel for Respondents* | */s/ Tara J. Plochocki* <br> Tara J. Plochocki, DC Bar No. 989404 <br> tara.plochocki@lbkmlaw.com <br> 1050 K Street NW <br> Suite 400 <br> Washington, DC 20001 <br> Telephone: 202.659.7217 <br><br> and <br><br> Jesse D. Mondry, OSB No. 192559 <br> jesse@harris-sliwoski.com <br> Harris Sliwoski LLP <br> 511 SE 11th Ave., Ste. 201 <br> Portland, OR 97214 <br> Telephone: 503.549.4636 <br><br> *Counsel for Petitioner* |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this proceeding.

**IT IS SO ORDERED.**

DATED: 2/12/2024

/s/ Karin J. Immergut
Hon. Karin J. Immergut
United States District Judge