UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **In re** | Case No. 3:23-mc-00082-IM |
| **PETITION OF NOVALPINA CAPITAL PARTNERS I GP S.A.R.L. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | **DECLARATION OF JOANNA PEARSON IN SUPPORT OF MOTION TO COMPEL** |

I, Joanna Pearson, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a solicitor admitted in England and Wales and a partner of English law firm, Humphries Kerstetter LLP ("HK"). Mr. Stefan Kowski is a client of HK.

2. I submit this declaration in support of the Motion to Compel filed by Novalpina GP in this proceeding.

3. On 14 December 2022, Treo GP (and other Claimants, together "the Claimants") issued proceedings in the English Courts against Mr. Kowski (and other Defendants) (the "LXO proceedings") claiming damages against Mr Kowski in connection with a success fee payment made to a third party in respect of the Fund's (indirect) acquisition of LXO in late 2020 (the "FI-REEH Payment"). The damages claim against Mr Kowski is based on an allegation that the Fund's (indirect) LXO interest was sold prematurely in or around August 2022 due to adverse publicity caused by the FI-REEH Payment and the impact it

is alleged that would have had on LXO's business.  In the Particulars of Claim, the Claimants state that they themselves caused the fact of the FI-REEH Payment to become public in the media shortly after they discovered the FI-REEH Payment in or around May 2022.

4. The Claimants' Amended Particulars of Claim dated 5 October 2023 filed on behalf of Treo GP and the other Claimants states "*but for the FI-REEH Payment, NOAL GP would have caused Hippocrate FI to hold the Fund's shareholding in Hippocrate Topco and/or the ultimate interests in LXO for at least another 2 years, and/or Hippocrate FI would have done the same*."  The Claimants' Amended Particulars of Claim included a Statement of Truth which was signed on their behalf.   The Claimants also filed a Response to the Second Defendant's Request for Further Information of the Particulars of Claim dated 7 February 2023 which asserted that Treo GP began considering a sale of LXO "*on or around 13 May 2022*" and that "*the Claimants first solicited interest or communicated with a prospective purchaser on or about 18 May 2022*".  The Response included a Statement of Truth signed on behalf of the Claimants.

5. Attached hereto as Exhibit 1 is a true and correct copy of a document produced by Respondents and Bates numbered OPERF_001727.

6. On 20 February 2024 HK sent a letter to English counsel for Treo, McDermott Will & Emery ("MWE"), raising serious issues as to the veracity of the above statements made in the LXO proceedings given what certain contemporaneous documents produced by Oregon have shown.  The HK 20 February 2024 letter referred to several documents from the production made by the Respondents.  No substantive response has yet been received to HK's 20 February 2024 letter, despite numerous requests for a response. Instead, HK

and MWE have been engaged in correspondence regarding the scope of the Protective Order in the Oregon action and HK's and Mr Kowski's ability to use documents from the production made by the Respondents in the LXO proceedings.

7. In his Amended Defence to the LXO proceedings, Mr. Kowski stated that the Claimants (and/or individuals connected with them) have instigated a campaign designed to apply pressure to Mr. Kowski and Mr. Lueken. He further explained that that campaign has included making regulatory complaints or soliciting an authority to open an investigation into Mr. Kowski on 10 occasions.

8. Since early 2022, Treo GP (and/or entities connected with Treo GP) have issued three legal proceedings in the English courts against Mr Kowski (including the LXO proceedings). One of these English legal proceedings was issued after 27 January 2023. Mr Kowski has informed me that Treo GP (and/or entities connected with Treo GP) have also filed three legal proceedings against him in the Luxembourg courts, all three of which I am informed were filed after 27 January 2023.

9. I have seen the Protective Order entered in the above-captioned proceedings and understand from its express terms that Mr Kowski and his legal representatives are permitted to use the documents in the LXO proceedings. None of the confidential documents have been rendered accessible to the public, and as an indirect shareholder of Novalpina GP, the Protective Order provides that Mr. Kowski is authorised to access and use them "*in litigation relating to the events described in the Petition*." I understand that the sale of LXO is one such event at issue in the Petition. I therefore formed a good faith belief that the use of three confidential documents in the LXO proceedings complied with the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2024

_____
Joanna Pearson