UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**In re**

Case No. 3:23-mc-00082-IM

**PETITION OF NOVALPINA
CAPITAL PARTNERS I GP S.A.R.L.
FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782**

**DECLARATION OF NICOLAS THIELTGEN IN SUPPORT OF MOTION TO COMPEL**

I, Nicolas Thieltgen, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a licensed attorney (*Avocat à la cour*) in Luxembourg and the managing partner of the law firm Brucher, Thieltgen & Partners in Luxembourg. I have served as counsel to Novalpina Capital Partners I GP S.à r.l. ("Novalpina GP") since 2021.

2. I submit this declaration in support of the Motion to Compel filed by Novalpina GP in this proceeding.

3. The Luxembourg lawsuit filed by Treo NOAL GP against Novalpina GP and its directors remains pending. Novalpina GP's legal brief on the admissibility of Treo NOAL GP's claim is due to be filed on or about 17 April 2024. I have used and will continue to use the documents produced by Tobias Read and Michael Langdon in the defense of my clients in that proceeding. I also plan to use those documents in preparation of bringing a claim for fraud against Treo and certain LPAC members.

1

4. Sanne LIS S.A. is the Alternate Investment Fund Manager for the Fund. It is a regulated entity which is required by Luxembourg law to ensure, amongst other things, that the Fund was valued on a quarterly basis. According to the information and documents at my disposal, Sanne LIS S.A. recommended Ernst & Young to evaluate the Fund's value as of the quarter ending June 30, 2021 and once this quarterly valuation was completed, Sanne LIS S.A. reviewed and analyzed the valuation by Ernst & Young and approved it.

5. Based on this valuation, the Fund's administrator Alter Domus Alternative Asset Fund Administration S.à r.l. calculated that, as of July 30, 2021, the Sponsor Commitment owed to Novalpina Capital Partners I Group GP S.à r.l. and Novalpina Capital Partners I FP SCSp would be 40,558,946 euros and the Removal Entitlement, 282,925,127 euros.

6. Attached hereto as Exhibit 1 is a true and correct copy of an email from James Turner to Stephen Peel and others, dated 30 August 2021.

7. According to the information and documents at my disposal, since Treo NOAL GP replaced Novalpina GP as the General Partner of the Fund, Treo NOAL GP has initiated seven lawsuits and complaints against the Novalpina entities:

   a. in Luxembourg, Treo filed two criminal complaints with Luxembourg criminal authorities. In one of these complaints, Treo NOAL GP claims that a modification to the bylaws of NOAL Luxco S.à r.l. ("Master Luxco") approved by its directors on 8 July 2021 was somehow criminal. The other criminal complaint is similarly strange, alleging that the temporary and partial suspension of Stephen Peel's voting rights in Novalpina Capital Group S.à r.l. on 10 January 2021, an act which was upheld as lawful in Luxembourg's civil courts, was actually criminal.

   b. Treo brought two legal proceedings associated with the acquisition of a licensed

2

gambling company Maxbet. In these cases, subsidiaries controlled by Treo are seeking damages, alleging that Novalpina Capital LLP, among others, was negligent in fulfilling Know Your Customer (KYC) obligations related to this acquisition. As "evidence" Treo relies on a press article that was published approximately three years after the acquisition of Maxbet by the Fund and the contents of which according to Maxbet (which made use of its legal right to publish a formal denial underneath the article, in which it also confirms that it is "part of the Treo Noal Group a group controlled by Treo Asset Management LLC, Delaware USA, whose final beneficiary is Mr. Finbarr Timothy O'Connor") is "full of false information."

c. Treo sued Novalpina GP, Novalpina Capital Partners I Group GP S.à r.l., and Novalpina Capital Partners I FP SCSp claiming damages for alleged breaches of an invalid undertaking.

d. Treo sued Novalpina Capital Partners I FP SCSp for damages based on an allegedly vexatious attachment order granted by the Luxembourg District Court in September 2022.

e. Treo filed an application for interim measures before the Luxembourg Court to obtain forced disclosure of documents in relation to a resolution adopted at the level of Novalpina Capital Group S.à r.l. in connection with the suspension of Stephen Peel's voting rights on 10 January 2021. However, these proceedings were recently struck out by the court itself, as Treo NOAL GP systematically adjourned the case with no intention of pleading it.

f. And, as previously attested, Treo sued Novalpina GP civilly for amending the

bylaws of the entity that holds the Fund's assets, known as Master Luxco. Consequently to the service of the subpoena authorized by the Court's Order of August 10, 2023, granting the Petition filed pursuant to 28 U.S.C. § 1782 in case No. 3:23-mc-00082-IM, discovery shows that Treo was fully aware of this amendment but it has sued anyway.

8. In my opinion, it is rare to see a corporate entity bringing such frivolous complaints. In my view, they are without merit, and are clearly part of a judicial strategy intended to harass my clients into abandoning their claim for the Removal Entitlement and Sponsor Commitment.

9. I have seen formal correspondence from Treo NOAL GP requesting Limited Partner's consent to an amendment to the LPA to indemnify the LPAC members for fraud. Further amendments increased Treo's fees.

10. I have introduced the discovery obtained via the § 1782 in two proceedings to date.

    a. First, Counsel for Treo had claimed that proceedings to attach a distribution from the Fund was abusive because the payment of the Removal Entitlement and Sponsor Commitment would be made after the conclusion of the relevant litigation. I submitted a brief showing that there has never been an intention by Treo or the LPAC to make the payment as agreed, that they have tried to manipulate the valuation, and therefore attachment is justified as an insurance against possible continued bad faith.

    b. Second, in the case against Treo and the LPAC for breach of contract, the parties are attempting to appoint a judicial valuer. At issue is whether that valuer should have access to all valuations of the Fund performed to date, including the Ernst &

Young valuation for the quarter ending June 30, 2021. Treo has alleged that Ernst & Young was not independent and so its valuation should not be shared with the independent valuer to be appointed; I introduced documents in which Treo had acknowledged to the LPAC the independence of the "Big 4" accounting firms, of which Ernst & Young is one.

11. I have seen the Protective Order entered in the above-captioned proceedings and do not believe I have violated it. None of the confidential documents have been rendered accessible to the public in the litigation in which they have been used. Those proceedings are "litigation relating to the events described in the Petition." While other Novalpina entities are claimants in those proceedings, they are "associates" and/or "affiliates" of Novalpina GP and thus entitled to access and use confidential documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2024



Nicolas Thieltgen