## PROPOSED DOCUMENT REQUESTS TO NOVALPINA CAPITAL PARTNERS I GP S.À.R.L

### INSTRUCTIONS

1. Respond to these requests in the order in which they appear.

2. In answering these requests, furnish all information available to you, including information in the possession of your attorneys and other agents, and not merely information or things known only to you or in your personal possession. If you cannot answer a request in full after exercising due diligence to secure the information necessary to do so, please so state, and answer the remainder, providing whatever information and knowledge you have concerning the unanswered portion. The specificity of any request should not be construed as reducing the scope of any more generalized request.

3. If you object to answering any of these Document Requests or withhold documents from production in response to these requests, in whole or in part, state your objections and/or reasons for not responding and state all factual and legal justifications that you believe support your objection or failure to answer or to produce. If you object to answering only part of a Document Request, specify the part to which you object and respond to the remainder. The specificity of any request should not be construed as reducing the scope of any more generalized request.

4. If you claim any information requested herein is privileged or protected from disclosure, please identify and describe with particularity the information you claim is protected and state the nature of the privilege or protection claimed.

5. Words used in the plural shall also be interpreted to include the singular, and words used in the singular shall also be interpreted to include the plural.

6. The terms "or" and "and" shall be interpreted either conjunctively or disjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside its scope. Masculine pronouns shall be construed as including the feminine and the neutral. Feminine pronouns shall be construed as including the masculine and

the neutral. Neutral pronouns shall be construed as including the masculine and the feminine.

7. Unless otherwise specified, the time period covered by these Document Requests is December 1, 2020 through the present.

## DEFINITIONS

As used in these Discovery Requests, the following words and phrases shall have the following meanings:

1. The "**Fund**" means Novalpina Capital partners I SCSp, now named NOAL SCSp.

2. "**Master Luxco**" means Novalpina Capital Partners I Luxco S.à.r.l., now named NOAL Luxco S.à.r.l.

3. "**You**," "**your**," and "**Novalpina GP**" mean Novalpina capital Partners I GP S.à.r.l.

4. "**EY Luxembourg**" means Ernst & Young Luxembourg.

5. "**NSO**" means NSO Group Technologies Ltd., Q Cyber Technologies Ltd, OSY Technologies S.à.r.l, and any of their related companies.

6. "**Person**" means any natural persons as well as any public, private or governmental entity (or division or subdivision thereof) of any kind.

7. "**Document**" or "**documents**" mean all written, graphic, or printed matter of any kind, however produced or reproduced, including all originals, drafts, working papers and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and electronic, mechanical, or electronic records or representations of any kind, translated through dictation devices into reasonably usable form, and includes any document otherwise responsive to this request that has been lost, destroyed or has otherwise disappeared. The term "document" includes, but is not limited to: papers, books, emails, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex, or telefax messages, memoranda, notes, data, notations, work papers, interoffice communications, interdepartmental communications, minutes, reports, and records of any

communications (including telephone or other conversations, interviews, conferences or committee or other meetings), affidavits, statements, summaries, opinions, reports, manuals, studies, analyses, formulae, plans, specifications, contracts, licenses, agreements, offers, acceptances, journals, books or records of accounts, summaries of accounts, bills, receipts, balance sheets, income statements, advertisements, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, computer records or impressions, microfilm, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated. "Document" includes ESI (defined below).

8. "**Communication**" includes every manner or means of disclosure or transfer or exchange of information, whether orally, by document, or in any other manner, and whether face-to-face, by telephone, mail, personal delivery, electronic mail or otherwise.

9. "**Identify**" or "**identity**" means to state or a statement of:

A. <u>in the case of a person other than a natural person</u>, its name, the address of its principal place of business, its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business, that other person's telephone number, and the name of that other person's chief executive officer or managing agent;

B. <u>in the case of a natural person</u>, his or her name, business address and telephone number, employer, and title or position;

C. <u>in the case of a communication</u>, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person present when it was made, and the subject matter discussed;

D. <u>in the case of a document</u>, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages;

E. <u>in the case of an agreement</u>, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and

the subject matter of the agreement; and

F.  <u>in all other cases</u>, sufficient information and/or instructions that would enable a lay person to obtain the subject information by using the information or instructions provided.

10. "**Relate**" or "**Relating**." A communication or document "relating" to any given subject means any communication or document that constitutes, contains, embodies, or reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

11. "**ESI**" means electronically stored information that is created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

12. "**Produce**" shall have the meaning as set forth in Fed. R. Civ. P. 34 and requires you to make available to the undersigned, for inspection and reproduction, the documents described in each request made below at the offices of Miller Nash LLP, 1140 SW Washington St., Suite 700, Portland, Oregon 97205, within the time provided by the rules. These Discovery Requests are directed to you and your agents, attorneys, accountants, consultants, representatives, private investigators, and all persons acting on your or their behalf. They encompass the original and all non-duplicate copies (those that differ from the original in some respect, for example, by reason of notations made on the copy) of all documents of any nature which are now or have at any time been within your care, custody, or control.

If any persons enumerated in the immediately preceding paragraph has or at any time had knowledge of or possession, custody, or control of, or the power to obtain any document described and requested in any of the requests made below, and such document has now been lost, misplaced, misfiled, obliterated, purged, mutilated, erased, or destroyed, or is not presently in the possession, custody, or control of the aforesaid persons, that person shall provide a written description of each such document below, along with an explanation of the date and circumstances, if known, surrounding its loss, obliteration, destruction, purge, mutilation, or

erasure, and a statement of which request(s) the document in question would have been produced in response to if it were available.

**DOCUMENTS TO BE PRODUCED**

1. All Documents relating to:
   a. The dispute between the founders of Novalpina (Stephen Peel, Bastian Lueken, Stefan Kowski);
   b. The Removal Entitlement, as defined in the Limited Partnership Agreements for the Fund;
   c. The Sponsor Commitment, as defined in the Limited Partnership Agreements for the Fund;
   d. The valuation of the Fund and its portfolio companies for the purpose of paying the Removal Entitlement and Sponsor Commitment; and
   e. The value of NSO.
2. All Documents relating to the Articles of Association of Master Luxco from July 8, 2021 to September 22, 2022.
3. All documents relating to requests for payment of management fees sent to the Fund's limited partners.
4. For the period of June 1, 2021 to December 31, 2021, all Documents pertaining to the Q2 2021 Valuation conducted by EY Luxembourg, including but not limited to communications between Novalpina GP and EY Luxembourg relating to the Q2 2021 Valuation.
5. All documents provided to Carole Laplume in connection with the expert report you used in litigation in Luxembourg.
6. All documents relating to the valuation of the Fund as of August 2021.
7. For the period of December 1, 2020 through January 1, 2023, all documents reflecting communications between Novalpina GP and any of the Portfolio Companies.

8. For the period of December 1, 2020 through January 1, 2023, all documents reflecting communications between Novalpina GP and any creditor of any of the Portfolio Companies.

9. For the period of December 1, 2020 through January 1, 2023, all documents reflecting communications between Novalpina GP and any creditor of the Fund or Master Luxco.