UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

---------------------------------------------------------------X
                                                               :
IN RE PETITION OF NOVALPINA                                    :
CAPITAL PARTNERS I GP S.A.R.L. FOR                             :    Case No. 3:23-mc-00082
JUDICIAL ASSISTANCE PURSUANT TO                                :
28 U.S.C. § 1782                                               :
                                                               :
---------------------------------------------------------------X

## DECLARATION OF PAULO LOPES DA SILVA

I, PAULO LOPES DA SILVA, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a licensed attorney ("Avocat à la Cour") in Luxembourg and a partner with Molitor Avocats à la Cour SARL. I serve as counsel to NOAL SCSp (the "Fund"), along with TREO NOAL GP S.à.r.l. ("TREO NOAL GP") (formerly "BRG NOAL GP S.à.r.l.").

2. I submit this declaration in support of Treo Asset Management LLC's Motion for Reconsideration of the Grant of Novalpina GP's Petition or, In the Alternative, to Amend the Protective Order. This declaration supplements the declarations that I have submitted in this proceeding on May 11, 2023 and April 24, 2024.

**Breach of Loyalty Proceedings**

3. In my declaration dated April 24, 2024, I described the nature of the Breach of Loyalty Claim, which is one of the proceedings in which Novalpina Capital Partners I FP SCSp has submitted documents that appear to have originated from the Respondents' disclosure in the present action. (Dkt. 50, ¶ 7.) As described in my prior declaration, that proceeding relates to alleged breaches of Novalpina FP's duty of loyalty to the Luxembourg court in the form of alleged misleading representations and/or material omissions made by that entity to the Luxembourg District Court in September 2022 (the "**September 2022 Representations**") in furtherance of

procuring an ex parte freezing order and to an alleged abuse of rights by Novalpina FP. Additionally, the Breach of Loyalty Claim was served as of 9 March 2023. Hence, it post-dates Novalpina GP's Petition, which does not otherwise refer at all to the matter of Novalpina FP's September 2022 Representations.

4. For completeness, I note that contrary to Novalpina GP's assertion that these documents evidence "lying," none of the documents appear to evidence any form of "lying" from Treo and/or its counsel nor have they been adduced in support of an allegation of "lying." A copy of the briefing document filed by Mr Thieltgen enclosing the documents is attached as **Exhibit 1**. Even taking that document at face value, the document does not attempt to attribute "lying" to Treo or its affiliates on the basis of the Oregon documents enclosed therein.

5. The Breach of Loyalty Claim is potentially in the process of being joined with Summons 4, where Novalpina GP's disclosure request remains outstanding. Novalpina GP has applied to stay the Breach of Loyalty proceedings on the basis of alleged overlap with Summons 4; the Fund and other Applicants to this request have resisted this application on the basis that if the Court finds that there is overlap, then the proceedings should be joined with Summons 4.

**Document Use To Date**

6. I have reviewed Novalpina GP's summary of the foreign litigations as set forth in its brief in opposition to Treo's motion for reconsideration. (Dkt. 56) In that briefing, Novalpina GP asserts that Treo "opposed the appointment of a neutral judicial valuer" in the Summons 4 proceeding and "contended that if the Luxembourg court nevertheless decided to appoint a judicial valuer, then it should not permit that valuer to see a 2021 valuation performed by Ernst & Young…because it is not independent." (Dkt. 56 at 4.) This is a misrepresentation of Treo's

2

argument in the Summons 4 proceeding, which is that the Ernst & Young report is neither independent, accurate nor reliable and presents overinflated asset values.

7. Novalpina GP asserts that on February 22, 2024, its counsel introduced two emails in the Summons 4 proceeding "which showed that both the LPAC and Treo, in fact, believed Ernst & Young was reliable and independent, and continued to so believe even after reviewing the 2021 evaluation." (Dkt. 56 at 4-5.) Novalpina GP's statement misrepresents the contents of those documents, which do not contain any concession that the Ernst & Young Luxembourg report was reliable and independent.

8. Novalpina GP asserts that the Breach of Loyalty claim that Treo brought in March 2023 was a "retaliatory suit [that] claimed that [Novalpina GP's] injunctive suit was abusive." (Dkt. 56 at 5.) As noted above, this claim does not only address the injunction, but Novalpina GP's misrepresentations to the Luxembourg Court in obtaining the freezing order.

9. Novalpina GP also asserts that in the Breach of Loyalty Claim, "the Carried Interest Partner included eight documents in a non-public filing which showed that Treo and the LPAC had never intended to pay the Removal Entitlement or Sponsor Commitment on the agreed terms and thus the injunction was necessary." (Dkt. 56 at 5.) This misrepresents the impact of the freezing order that Novalpina FP improperly obtained, which did not just enjoin distributions, but blocked any and all dealings with the moneys in the Fund's account.

**Stefan Kowski**

10. I am involved in each of the Luxembourg proceedings between Novalpina GP and the Fund and/or its affiliates. I am therefore in receipt of the written submissions filed by each party in each of the proceedings, and I have attended each of the hearings (other than routine case management conferences) where submissions have been made orally. I confirm that in none of

3

the proceedings is Stefan Kowski identified by Novalpina GP or the Fund or any other parties, as an expected or likely fact witness. Novalpina GP and/or its affiliates have never suggested or indicated in any way that they would be seeking to adduce evidence from Mr Kowski.

11. With respect to Stefan Kowski, Novalpina GP's brief contends that Treo "cannot credibly claim that Mr. Kowski is some random individual after initiating a battery of lawsuits and complaints against him and other minority shareholders of the Novalpina Group as part of Treo's and Michael Langdon's 'post-transition takedown' plan following Treo's unlawful takeover of the Fund he co-founded." (Dkt. 56 at 14). Treo makes no such argument because there was no such "takedown." On the contrary, Treo's post-takeover investigation and litigation to date has revealed Mr. Kowski's involvement in a wide range of unlawful conduct that is currently the subject of, among other things, two ongoing criminal complaints against Novalpina GP and/or its affiliates. Details of these two complaints, including Mr. Kowski's and Novalpina GP's roles, are addressed in the enclosed letter, attached as **Exhibit 2**, from André Lutgen, former magistrate and partner at Lutgen + Associés, whose firm has carriage of the complaints.

**The Contemplated Fraud Claim**

11. I confirm that it remains the case that as of the date of this declaration, Novalpina GP or its affiliates have yet to use any documents obtained from Oregon in the putative fraud claim (as described in of the Petition). Moreover, I have received no indication from Novalpina GP's Luxembourg counsel or its affiliates' Luxembourg counsel that the putative fraud claim is imminent. There has for instance been no exchange of pre-action correspondence.

12. Novalpina's Brief in Opposition states that the documents obtained "have been used in the preparation of the fraud claim" citing the declaration of Mr Thieltgen. I note that Mr Thieltgen's declaration does not evidence how, if at all, the documents have been used in

4

preparation of that claim. Moreover, as noted above, I can confirm, that as of the date of this statement, neither Mr Thieltgen nor any of the entities he represents, have written to me or my clients with respect to such claim (by way of pre-action correspondence) or have filed any claim resembling this foreshadowed fraud claim. I have seen no evidence that the documents are being used in preparation of that claim.

**Veto Right Nullity Claim**

13. On 23 May 2024, Novalpina GP filed submissions in reply, pursuant to the court's directions for submissions on the procedural question of whether these proceedings ought to be stayed. The submissions exhibited a number of documents that appear to originate from the Oregon proceedings: OPERF_010627; OPERF_013240; OPERF_008257 (stamped 'Confidential'); OPERF_003642; OPERF_003639; OPERF_008391 (stamped 'Confidential'); OPERF_012694 (stamped 'Confidential'); OPERF_014306 (stamped 'Confidential'); OPERF_014292 (stamped 'Confidential'); OPERF_014266 (stamped 'Confidential'); OPERF_002027; OPERF_001727; OPERF_007466 (stamped 'Confidential'); OPERF_00831 (stamped 'Confidential').

14. Having reviewed these documents in conjunction with the submissions, they appear to be directed at making two broad allegations: (1) that Mr. Langdon (and other members of the LPAC), the LPAC and/or representatives of Treo, intended to avoid payment of the Sponsor Commitment and Removal Entitlement (the "Valuation Claim"); and (2) that contrary to representations made on behalf of the Fund in Luxembourg proceedings, the process which resulted in sale of LXO commenced in October 2021 (the "LXO Claim").

15. Neither of these claims, even if true, are at all relevant to the issues in dispute in the Veto Right Claim, which deals with whether or not Novalpina GP's adoption of changes to the

articles of association of Master Luxco on 8 July 2021 amounts to an abuse of power or right: the LXO Claim relates to events which post-date that amendment by several months; the Valuation Claim has no relevance to the elements of the Veto Right Claim either, it deals with matters that are (if at all) relevant to Summons 4 (which I understand is *not* one of the proceedings advanced as the basis for seeking disclosure in Oregon). The relevance of these two claims to the Veto Right Claim is even further removed given that at the present juncture, the Court is exclusively concerned with whether or not the proceedings should be stayed, which is a narrow procedural issue. Accordingly, it is my view that the Oregon documents have no relevance to the issues before the court in the Veto Right Claim and appear to have been deployed for reasons to do with other proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 24/05/2024

Paulo Lopes da Silva