# Exhibit 2

**Letter from André Lutgen dated 24 May 2024**

Maître Paulo DA SILVA
Avocat à la Cour
8 Rue Sainte-Zithe
L-2763 Luxembourg

**By email**  Luxembourg, 24 May 2024

Avocats à la Cour

10, rue Sainte Zithe
L-2763 Luxembourg
T (+352) 27 35 27
F (+352) 27 35 27 35

Dear Colleague,

You have requested that I provide a letter providing a brief description of two ongoing criminal matters that are under investigation in Luxembourg against Mr. Stefan Kowski and Novalpina. I understand that this letter may be exhibited in proceedings that are underway between Novalpina Capital Partners I GP S.à r.l. ("**Novalpina GP**"), Mr. Michael Langdon and Tobias Reade in the State of Oregon, where Novalpina GP seeks disclosure pursuant to 28 U.S.C. § 1782. I understand Treo Asset Management LLC and Treo NOAL GP S.à r.l. have intervened in these proceedings.

The first criminal matter arises from a complaint filed on 21 April 2022 against Mr. Kowski, Stefano Pileri, Michael Zini, Luc Regent, Bastian Lueken, and Novalpina GP (and any others who may be found responsible following investigation). The complaint relates to the amendment of articles of association of NOAL Luxco S.à r.l ("**Master Luxco**") on 8 July 2021 (the "**Veto Right Amendment**"). This is an amendment that was made on the eve of a vote by the limited partners of the Fund to remove Novalpina GP (in fact, only one day prior to the said vote), which appears to have been effected with the objective of entrenching Novalpina GP's control over the Fund ahead of the imminent removal vote: as a result of the amendment, the Fund can seemingly no longer (despite its approximately 99.15% shareholding in Master Luxco) exercise its majority control in Master Luxco save with the consent of the minority-holder, Novalpina GP. In executing the enterprise, Mr. Kowski is alleged to have appointed two new managers of Novalpina GP, Stefano Pileri and Michael Elie Zini, and removed the incumbents – with the new appointees effectively doing his bidding. Despite the clear and obvious conflict of interest, no steps were taken to seek the Fund's informed consent before executing the change. Even more remarkably, Mr. Zini and Mr. Pileri were appointed on 7 July 2021 and had no apparent prior affiliation with the Fund – thus, they hardly waited a day before executing such a drastic change in the articles.

The complaint alleges that the Veto Right Amendment amounts to an abuse of power/rights on the Fund and Master Luxco by the defendants, an offence punishable by one to five years' imprisonment and a fine of 500 to 25,000 euros. Receipt of the complaint was confirmed by order of the examining magistrate on May 3, 2022. Since filing, the Magistrate in charge has taken a number of steps to investigate this complaint including undertaking searches and seizures.

The second criminal investigation arises from a complaint on 6 May 2022 against Mr. Kowski, Mr. Lueken and Mr. Gerhard Schmidt (and any others who may be found responsible following investigation) alleging abuse of rights under the Luxembourg criminal code in

André Lutgen  Jeanne Feltgen  Pierre Hurt  Géraldine Mersch  Florent Kirmann  Laura Malki | Avocats à la Cour
Yvan Illy  Joris Fontaine | Avocats

1 / 2

relation to the 10 January 2021 suspension of voting rights of Mr. Stephen Peel in Novalpina Capital Group S.à r.l, a decision which is alleged to have been unlawful and which laid the foundation for Mr. Kowski and Mr. Lueken's subsequent appointment of Mr. Zini and Mr. Pileri as managers of Novalpina GP (and, consequently, the ensuing conflicted actions that they took to the detriment of the Fund (including the insertion of the Veto Right Amendment). As of present, as far as we know, this claim remains under investigation by the Investigating Magistrate.

It is my view, based on my experience – which includes three years as public prosecutor (1978-1981), 12 years as judge (investigating magistrate and investigating magistrate director) (1981-1993) 35 years practicing mainly criminal law as lawyer (avocat à la Cour) – that both of these complaints are not only merited, but reflect egregious misuse of corporate powers that are appropriate for investigation by Luxembourg's criminal authorities, and indeed, are being investigated.

Sincerely,

f. Me André LUTGEN abs.
s. Me Florent KIRMANN